## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ERNEST GALLANDER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO 4:23-cv-01075** |
| | § | |
| **CENTRAL MUTUAL INSURANCE** | § | **JURY** |
| **COMPANY** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT CENTRAL MUTUAL INSURANCE COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Central Mutual Insurance Company ("Central" or "Defendant"), files this Notice of Removal and in support thereof, would show the Court as follows:

### I.   PROCEDURAL BACKGROUND

1.      On February 20, 2023, Plaintiff Ernest Gallander ("Plaintiff") filed his Original Petition and initiated a civil action against Defendant in the 85th Judicial district Court of Brazos County, Texas, styled *Ernest Gallander v. Central Mutual Insurance Company*, Cause No. 23-000500-CV-85 ("State Court Action"). **Exhibit C**

2.      On February 24, 2022, Defendant was served with a copy of the Citation and Plaintiff's Original Petition. **Exhibit B**. Defendant timely filed its answer in the State Court Action on March 16, 2023. *See* **Exhibit D** attached hereto and incorporated by reference.

3.      Defendant now timely files this Notice of Removal within the thirty-day timeframe for removal under 28 U.S.C. § 1446(b).

4.     Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Southern District of Texas, Houston Division because the 85th Judicial District of Brazos County is located within the Houston Division of the Southern District of Texas. Therefore, this Court is the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 1446(a).

## II.    ARGUMENT AND AUTHORITIES

5.     Central's removal of the State Court Action is proper on the basis of diversity of citizenship jurisdiction. Under 28 U.S.C. § 1332(a)(2), diversity jurisdiction over a civil action exists in a federal district court when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when none of the parties in interest properly joined and served as defendants are citizens of the same state as plaintiff. 28 U.S.C. §§ 1332(a)(2). Here, both requirements for subject matter jurisdiction based on diversity of citizenship are met in this case.

### A.    The Parties are Completely Diverse.

6.     Complete diversity of citizenship exists between Plaintiff and Central. Plaintiff is an individual, and thus is a citizen of the state in which he is domiciled. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Individuals are domiciled in the state in which they reside with the intent to remain indefinitely. *State of Texas v. State of Florida*, 306 U.S. 398, 424–25 (1939); *see also Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760 (S.D. Tex. 2007). An individual may have only one domicile, which is presumed to continue until the individual is physically present in a different state with the intent to remain indefinitely. *See Coury*, 85 F.3d at 250; *Stine v. Moore*, 213 F.2d 446, 447–48 (5th Cir. 1954). According to Plaintiff's Original Petition, Plaintiff is a resident of Brazos County, Texas. **Exhibit C**, ¶2. Therefore, Plaintiff is a domiciliary and citizen of the State of Texas for purposes of diversity jurisdiction.

7.    Central is a corporation, and thus is a citizen of every state under the laws of which it is incorporated and in the state in which it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Defendant is now, was at the time this suit was filed, and was at all times intervening, a corporation organized under the laws of the State of Ohio and has its principal place of business in the State of Ohio wherein its high-level officers direct, control, and coordinate Defendant's activities. Therefore, Defendant is a citizen of the State of Ohio and not a citizen of Texas.

8.    Accordingly, the Parties are completely diverse because Plaintiff is a citizen of Texas and Defendant is a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2).

**B.    The Amount in Controversy Exceeds $75,000.00.**

9.    The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* **Exhibit C**, at P. 4. The amount in controversy under 28 U.S.C. § 1332(a) is determined by reference to a plaintiff's pleadings. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995). The damages a plaintiff claims in the petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Attorneys' fees are included in the amount in controversy where a statute under which the plaintiff sues authorizes recovery thereof. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001). Where the State in which the plaintiff files the original action does not permit demand for a specific sum, then the "defendant's [plausible] amount-in-controversy allegation should be accepted when not contested." *Durbois v. Deustch Bank Nat'l T. Co. as T of Holders of AAMES Mortg. Inv. T.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)); *see also Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003)

(removing defendant need only establish that it is "'facially apparent' that the claims *could*

*probably* exceed \$75,000 or [establish] the facts in controversy in the removal petition. . .")

(emphasis added).

10.    Plaintiff's Original Petition, as the Texas Rules of Civil Procedure permitted, does

not state a specific monetary demand. Rather, Plaintiff has pled that he seeks actual and treble

damages under the Texas Insurance Code. **Exhibit C**, at p. 4. Plaintiff claims in his Original

Petition that he seeks monetary relief of more than \$1,000,000. This amount makes it facially

apparent the amount in controversy is above the jurisdictional threshold. Therefore, because it is

facially apparent Plaintiff alleges damages in excess of \$75,000, exclusive of interest and costs,

the amount-in-controversy requirement is satisfied.

### III.    INFORMATION FOR THE CLERK

11.    Pursuant to Local Rule 81, Defendant has attached the following documents to this

Notice of Removal:

1. All executed process in the case, as **Exhibit B.**
2. Pleadings asserting causes of action, as **Exhibit C,** and all answers to such pleadings as **Exhibit D**.
3. All orders signed by the state judge, of which there are none.
4. The State Court docket sheet; as **Exhibit E**
5. An index of the matters being filed, as **Exhibit A**; and,
6. A list of all counsel of record, including addresses, telephone numbers, and parties represented, as **Exhibit F**.

12.    Copies of all process, pleadings, and orders served upon Defendant in the State

Court Action are attached to this Notice of Removal pursuant to 28 U.S.C. § 1446(a) as **Exhibits**

**B** (process)**, C, and D** (pleadings). There have been no orders served upon Defendant in the State

Court Action.

13.    Pursuant to Federal Rule of Civil Procedure 7.1(a) and the Court's local rules,

Defendant will file a corporate disclosure statement and certificate of interested persons.

14.     Defendant has or will promptly notify the 85th Judicial District Court of Brazos County, Texas of its Removal of the State Court Action to this federal Court.

## IV.    JURY DEMAND

15.     Defendant requests a trial by jury in this Federal Court on all triable issues of fact.

## V.    CONCLUSION

16.     This is a civil action of which this Court would have had original jurisdiction under 28 U.S.C. 1332(a) had Plaintiff chose to file this action in this Court. Therefore, Central's removal of this civil action to this Court is proper under 28 U.S.C. § 1441(a) because it is an action between citizens of different States, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this Court is the district and division within which the State Court action is pending.

## PRAYER

WHEREFORE, Central respectfully removes the above-entitled action from the 85th Judicial District Court of Brazos County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Clinton J. Wolbert*
       Clinton J. Wolbert
       State Bar No. 24103020
       Tillman Grogan IV
       State Bar No. 24116462
       910 Louisiana Street; Suite 4300
       Houston, Texas 77002
       Telephone: 713 626 1386
       Facsimile: 713 626 1388
       clinton.wolbert@phelps.com
       tillman.grogan@phelps.com

**ATTORNEYS FOR DEFENDANT CENTAL MUTUAL INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of this document has been served this 23rd day of March 2023 to the following counsel of record in accordance with the Federal Rules of Civil Procedure:

James Winston Willis               ***Vía Email: jwillis@dalyblack.com***
Richard D. Daly                    ***Vía Email: rdaly@dalyblack.com***
**DALY & BLACK, P.C.**
2211 Norfolk St., Suite 800
Houston, Texas 77098
[T]: 713-655-1405
*Attorneys for Plaintiff*

                                    */s/ Clinton J. Wolbert*
                                    Clinton J. Wolbert